IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS FRANCISCO SIMO NOBOA,
et al.,

    Plaintiffs,

    v.

IBERIA LINEAS AEREAS DE ESPAÑA,
et al.,

    Defendants.

CIVIL NO. 02-2730 (RLA)

**ORDER DISMISSING**
**CLAIMS ASSERTED AGAINST IVYORT, PONCE CARGO**
**AND OLD REPUBLIC INSURANCE CO.**

Plaintiffs have moved the Court to strike the limitation of liability defense raised by codefendants IVYPORT LOGISTICAL SERVICES, INC. ("IVYPORT") and PONCE CARGO SERVICES, INC. ("PONCE CARGO") pursuant to the Warsaw Convention. The Court having reviewed the memoranda submitted by the parties hereby finds that the jurisprudence cited by plaintiffs in support of their position is inapposite to the facts present in this case.

This action arises from the loss of the cremated remains of the late RAMONA A. NOBOA ORTIZ due to be transported on board a flight of codefendant IBERIA LINEAS AEREAS DE ESPAÑA ("IBERIA") from San Juan, Puerto Rico to the Dominican Republic. Plaintiffs seek damages from IVYPORT and PONCE CARGO under our local tort law provisions, 31 P.R. Laws Ann. § 5141 (1990) whereas IBERIA's liability is premised on alleged willful misconduct pursuant to Art. 25 of the Convention for

**CIVIL NO. 02-2730 (RLA)**                                                      **Page 2**

the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention").

IVYPORT and PONCE CARGO claim they are entitled to the limitation of liability provisions of Art. 22 of the Warsaw Convention inasmuch as in handling decedent's remains they acted as agents of IBERIA, an international carrier, a fact plaintiffs dispute.

According to the evidence, decedent's ashes were handed to a PONCE CARGO representative on December 1, 2001 and the corresponding air waybill issued for transportation to the Dominican Republic via IBERIA. Thereafter, the PONCE CARGO agent turned over the ashes to SWISSPORT's (now IVYPORT) ramp manager. An IVYPORT employee placed the box containing the ashes in a compartment on board the IBERIA flight bound for Santo Domingo on December 2, 2001. The plane left for Santo Domingo as scheduled and subsequently to Madrid. However, the ashes never reached its destination and have never been found.

The Warsaw Convention governs the liability of air carriers involved in the international transportation of both passengers and cargo by establishing a body of applicable uniform rules. The Treaty includes a presumption of air carrier liability as well as a cap on

**CIVIL NO. 02-2730 (RLA)**                                                                 **Page 3**

the liability for lost checked baggage or goods[1] unless the loss resulted from "willful misconduct".[2]

Plaintiffs concede that the protection afforded to international air carries under Art. 22 has been extended by the courts to agents of those carriers reasoning that they are furnishing services that would otherwise be provided by the carrier in furtherance of its carriage contract. Croucher v. Worldwide Flight Serv., Inc., 111 F.Supp. 501, 506 (D.N.J. 2000); Alleyn v. Port Auth. of New York, 58 F.Supp.2d 15, 23 (E.D.N.Y. 1999); Waxman v. C.I.S. Mexicana de Aviacion, S.A. de C.V., 13 F.Supp.2d 508, 514 (S.D.N.Y. 1998).

Plaintiffs argue, however, that pursuant to Dazo v. Globe Airport Sec. Serv., 295 F.3d 934 (9th Cir. 2002) these two codefendants should not benefit from the aforementioned limitation because of "the recent trend ... that agents that perform services to more than one carrier, including domestic and international carriers, are not afforded 'carrier' status under the Convention and cannot limit their liability under its provisions."[3]

We find that movants misplace the focus of the court's reasoning in Dazo. The justification for rejecting the limitations defense in that case was precisely because the court determined that the airport security screening services being rendered by the defendant "were not

---

[1] Art. 22.

[2] Art. 25.

[3] Plaintiffs' Motion to Strike (docket No. 55) p.5.

**CIVIL NO. 02-2730 (RLA)**                                                        **Page 4**

in furtherance of the contract of carriage of an international flight, but were basic airport security services required at all airports by domestic federal law, regardless of the flights' destination and regardless, in fact, of whether the person being screened was even a passenger." *Id*. at 939.

In this case the underlying conduct of IVYPORT and PONCE CARGO, i.e., providing ground handling and baggage services to IBERIA at the Luis Muñoz Marin Airport is precisely the type of obligation subsumed within the air carrier's duties.

Accordingly, plaintiffs' Motion to Strike Defense (docket No. **55**) is **DENIED**[4] and the claims asserted against IVYPORT and PONCE CARGO are hereby **DISMISSED.**

It is further ORDERED that the claims asserted against OLD REPUBLIC INSURANCE CO. as insurer for PONCE CARGO are likewise **DISMISSED.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 22nd day of August, 2005.

                                                            S/Raymond L. Acosta
                                                            RAYMOND L. ACOSTA
                                                  United States District Judge

---

[4] *See,* IVYPORT's Opposition (docket No. **62**) and PONCE CARGO's Motion Joining... Opposition (docket No. **63**).